```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


HECTOR RODRIGUEZ,                 :
                                  :
     Petitioner,                  :
                                  :              PRISONER
v.                                :     Case No. 3:12cv902 (RNC)
                                  :
COMMISSIONER OF CORRECTION,       :
et al.,                           :
                                  :
     Respondents.                 :
```

                           RULING AND ORDER

Petitioner Hector Rodriguez, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  For reasons that follow, the petition is denied.

I. Background

In 2002, Connecticut authorities arrested petitioner in connection with six residential break-ins.  ECF No. 16-2, App. D, at 115.  Charged with burglary, larceny, and criminal trespass, he turned down the state's plea offer of twenty years' imprisonment and went to trial.  ECF No. 16-2, App. M, at 13.  The trial resulted in his conviction on numerous counts,[1] and he received a sentence of thirty years.  Id.  The Connecticut

---

[1] Petitioner was convicted of two counts of burglary in the second degree, plus one count each of attempt to commit burglary in the second degree, burglary in the third degree, larceny in the third degree, larceny in the sixth degree, and criminal trespass in the second degree.  State v. Rodriguez, 91 Conn. App. 112, 115 (2005).  He also pleaded guilty to a violation of probation and admitted his status as a persistent felony offender.  Id.

Appellate Court affirmed the judgment and the Connecticut Supreme Court denied certification.  ECF No. 16-2, App. D, F.

In 2005, petitioner sought habeas relief in Connecticut Superior Court claiming ineffective assistance of trial counsel. He alleged that his counsel had failed to communicate with him, failed to arrange an examination to determine his competency to stand trial, and failed to arrange an examination to assess whether he was sane at the time of the offense conduct.  ECF No. 16-2, App. M.

In a two-hour proceeding, the state habeas court heard testimony from Rodriguez and his trial counsel, Attorney Miles Gerety.  Rodriguez testified that Gerety failed to provide him with information about his exposure as a persistent felony offender and the likelihood of a long sentence in the event of a guilty verdict.  Id. at 34, 39.  He also testified that he had received treatment for mental health issues in the past and that his behavior while represented by Gerety had been erratic.  In this regard, he testified that he insisted on appearing before the jury in his prison uniform, instead of civilian clothing, and often refused to discuss details of his charged offenses with his attorney.  Id. at 21-22, 31.

Attorney Gerety's testimony corroborated Rodriguez's on certain points.  Gerety confirmed that Rodriguez insisted on wearing his prisoner uniform at trial and refused to discuss the

government's plea offer.  According to Gerety, Rodriguez's refusal was not entirely unreasonable, given that he was forty-seven years old at the time and the government was offering a twenty-year prison term.  Id. at 54-56.[2]  But Gerety also testified that he kept petitioner informed about his exposure and the likely result of the trial.  Id. at 70-71.  Moreover, according to Gerety, petitioner "behaved appropriately" throughout the trial.  Id. at 48.

In an oral ruling, the court denied the petition.  The court stated that "Attorney Gerety did not do anything that can be construed as deficient performance in his trial representation." Id. at 90.  The court also observed that petitioner had presented no evidence permitting a finding that he was insane when he committed his crimes or incompetent when he stood trial.  Id. at 91.  Thus, any deficiency in Gerety's performance with regard to petitioner's mental capacity caused no prejudice.  Petitioner appealed to the Connecticut Appellate Court, which affirmed summarily.  Rodriguez v. Commissioner, 128 Conn. App. 902 (2011). The Connecticut Supreme Court denied certification.  Rodriguez v. Commissioner, 302 Conn. 906 (2011).

Petitioner now advances the same three arguments on which he

---

[2]In Gerety's words, "[His refusal to cooperate] wasn't a sign of his being crazy, it was a sign of his being frustrated and angry with the system and thinking it was unfair. . . . In some ways I admired his position.  It was, you know, put them to their proof."  ECF No. 16-2, App. M, at 45, 74.

relied in his state habeas proceeding.[3]  First, he argues that Gerety failed to communicate effectively with him and so could not competently assess his mental state.[4]  Next, he argues that Gerety should have arranged an examination to determine whether he was competent to stand trial.  Finally, he argues that Gerety should have arranged a similar examination to determine whether he committed his crimes because of a mental disease or defect. Id.; ECF No. 1, at 18.  Petitioner asserts that because of these failures, the assistance he received was ineffective within the meaning of Strickland v. Washington, 466 U.S. 668 (1984).

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may grant habeas relief based on claims previously adjudicated on the merits in state court only if the state court decision is "contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or is "based on an unreasonable determination of the facts in light of

---

[3] Petitioner originally sought relief on twelve distinct grounds but subsequently withdrew a number of unexhausted claims. ECF No. 21, at 7.

[4] In his original petition, petitioner advanced four separate claims based on his counsel's alleged communicative shortcomings. He later merged them "into a single claim, arguing . . . that counsel's failure to communicate with petitioner caused him to fail adequately appraise [sic] the petitioner's mental state." ECF No. 21, at 7.

the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Clearly established Federal law" is found in the holdings of the U.S. Supreme Court. Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law if it applies a rule that contradicts a holding of the Supreme Court or reaches a different result on facts that are materially indistinguishable. Bell v. Cone, 535 U.S. 685, 694 (2002). For a state court application of federal law to be "unreasonable," it must be objectively unreasonable rather than merely incorrect. Harrington v. Richter, 131 S. Ct. 770, 786 (2011); Williams, 529 U.S. at 410. The state court's factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).[5]

In addition to the deference to state court decisions mandated by section 2254, petitioner's constitutional claim itself calls for deferential review. Even when review is "de novo . . . the standard for judging counsel's representation is a most deferential one." Harrington, 131 U.S. at 788. To show that counsel was constitutionally ineffective, petitioner must show that his attorney's performance was deficient and that he

---

[5] Petitioner requests an evidentiary hearing to further develop the facts underlying his claim. But he has not identified facts he wishes to further develop, accounted for his failure to present them before the state courts, or explained why he is able to circumvent § 2254's general bar on evidentiary hearings.

was prejudiced as a result.  Id. at 787.  Gerety's performance was not deficient unless he "made errors so serious that [he] was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Strickland, 466 U.S. at 687.  Moreover, petitioner cannot show prejudice unless he demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

In sum, to obtain relief under § 2254, petitioner must demonstrate that the Connecticut habeas court could not reasonably have concluded that Gerety provided him effective assistance.  He has not made that showing.

A. Failure To Communicate

Petitioner first argues that he was deprived of his right to effective assistance of counsel because Gerety's failure to communicate with him prevented Gerety from being able to adequately appraise his mental state.  ECF No. 21, at 7.  For two reasons, the state court's decision to the contrary is not unreasonable.

First, although an attorney has a duty to communicate with his client, Florida v. Nixon, 543 U.S. 175, 178 (2004), and petitioner testified at his state hearing that his counsel failed in this respect, Gerety testified otherwise.  Asked under oath about his relationship with petitioner, Gerety said, "I repeatedly tried to communicate with him."  ECF No. 16-2, App. M,

at 71.  According to Gerety, he regularly attempted to discuss with petitioner the charges against him, the penalties they carried, and possible defenses.  Id. at 71-75.  The state court chose to credit Gerety's version of events and found that Gerety did not fail to communicate.  That finding is presumptively correct and has not been rebutted by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

Second, the state court reasonably determined that petitioner had failed to show prejudice as required by the second prong of the Strickland test.  Even if Geherty did fail to communicate as alleged by petitioner, the failure to communicate is constitutionally significant only if it likely influenced the outcome of the proceeding.  See Strickland, 466 U.S. at 694.  To satisfy this standard, petitioner must show that more effective communication would have revealed that he was either incompetent to stand trial or insane at the time of his offense conduct.  See Futch v. Dugger, 874 F.2d 1483, 1486 (11th Cir. 1988) ("In order to demonstrate prejudice from counsel's failure to investigate his competency, a petitioner has to show that there exists 'at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.'") (quoting Alexander v. Dugger, 841 F.2d 371, 375 (11th Cir. 1988)).

The state habeas court reasonably concluded that petitioner

failed to show prejudice.  It correctly pointed out that he offered no "psychiatric evidence," "medical history," or indeed any facts at all to justify the conclusion that he was insane when he committed his offenses or incompetent when he stood trial.  ECF No. 16-2, App. M, at 91.  Petitioner told the habeas court that he had received mental health treatment while incarcerated between 1969 and 2002, refused to put on civilian clothing when he appeared before the jury, and would not communicate with his lawyer.  On so thin a record, the court understandably found "no basis" on which to conclude that petitioner suffered from a legally significant mental impairment when he committed his crimes or stood trial.[6]  Id. at 91; see Flynt v. Secretary, No. 6:11 Civ. 1803-Orl-37 (GJK), 2012 WL 4369315, at *5 (M.D. Fla. Sept. 24, 2012) ("In the instant case, other than his own vague assertions of insanity, Petitioner has presented no evidence that additional psychological testing would

---

[6]In a recent filing, petitioner has submitted to this Court copies of medical records from the early 1970s and from 2002.  ECF No. 21.  They were not part of the record in his state habeas proceeding, so AEDPA does not permit them to be considered here.  See Pinholster, 131 S. Ct. at 1399.  Even if that were not so, they would not undermine the state court's conclusion.  Most of the records were produced by psychiatric social workers some forty years before the petitioner's arrest for burglary.  The 2002 reports were created by clinicians with the Connecticut Department of Correction and generally support the claim that Rodriguez was of sound mind around the time of his offense conduct and trial.  See, e.g., ECF No. 21, at 14 (noting that the petitioner was "alert," "oriented," and "coherent" in his speech, with "appropriate" mood and affect and "logical thought processes").

have shown that he was incompetent."). Because the state court reasonably applied <u>Strickland</u> to reach its decision, § 2254 precludes relief.

B. Failure To Seek Examinations To Determine Competence and Sanity

Petitioner's second and third claims can be considered together. Each asserts that his counsel failed to represent him effectively by neglecting to seek an evaluation of his state of mind. The second claim argues that counsel should have sought an examination regarding competency; the third, an examination regarding insanity.

The Connecticut court determined that petitioner failed to demonstrate deficient performance with respect to either of these claims. That determination was not unreasonable. Gerety testified that he knew petitioner had struggled with addiction and had sought mental health treatment in prison. ECF No. 16-2, App. M, at 51-52. He further testified that he thought it odd that petitioner rarely felt like discussing his case and wanted to face the jury in prison clothing. <u>Id</u>. at 47, 58. Gerety, who had previously represented mentally ill defendants and sought a number of competency examinations, thought that petitioner's obduracy reflected not mental incapacity but frustration and "ang[er] with the system." <u>Id</u>. at 74. On the basis of his experience, he concluded that "the [state] team would never say [petitioner] was incompetent" and that there was "no evidence

9

whatsoever that he was insane."  Id. at 60, 68.

The state habeas court was required to indulge a "strong presumption" that Gerety's performance fell within the "wide range" of reasonable representation.  Strickland, 466 U.S. at 689.  This Court's review under § 2254 is "doubly" deferential.  Harrington, 131 S. Ct. at 788.  In view of the lack of evidence supporting the argument that petitioner was incompetent or insane, the state court's determination cannot be disturbed.  See, e.g., Durkin v. Secretary, No. 5:11 Civ. 00365 (MP) (CJK), 2013 WL 6768332, at *23 (N.D. Fla. Dec. 20, 2013) (counsel's decision not to seek a competency evaluation was reasonable, despite the petitioner's history of mental illness, because counsel's personal interactions with the petitioner led counsel to conclude that he was competent).

The lack of evidence supporting petitioner's claim of incompetency or insanity also undercuts his claim of prejudice.  Because there was "no basis" for a finding that petitioner was incompetent at the time of trial or insane at the time of the offense conduct, the state court reasonably determined that obtaining a competency evaluation or investigating an insanity defense would not have altered the outcome.

III. Conclusion

Accordingly, the petition is hereby denied.  Petitioner has not made a substantial showing of a denial of a constitutional

right, so a certificate of appealability will not issue. The Clerk may close the file.

So ordered this 31st day of March 2016.

/s/ RNC
Robert N. Chatigny
United States District Judge